

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-18-1997

# Suber v. Chrysler Corporation

Precedential or Non-Precedential:

Docket 95-5735

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

Recommended Citation
"Suber v. Chrysler Corporation" (1997). *1997 Decisions.* Paper 41.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/41

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

95-5735

JAMES SUBER,

Appellant

v.

CHRYSLER CORPORATION

v.

KONTINENTAL KOACHES,INC., a/k/a and d/b/a
KONTINENTAL KONVERSIONS,

Third-party defendant

CHRYSLER CORPORATION,

Third-party plaintiff

On Appeal from the United States District Court
For the District of New Jersey
D.C. Civ. No. 94-cv-00467

Argued:  July 25, 1996

Before:  BECKER, STAPLETON, and MICHEL, Circuit Judges[*]

(Opinion Filed: January 16, 1997)

(Order Filed: February 18, 1997)

ROBERT M. SILVERMAN, ESQUIRE (ARGUED)

_____

[*] The Honorable Paul R. Michel, United States Circuit Judge
for the Federal Judicial Circuit, sitting by designation.

Cynthia M. Certo, Esquire
Kimmel & Silverman
630 Sentry Park
Suite 310
Blue Bell, PA   19422

Counsel for Appellant

KEVIN M. MCKEON, ESQUIRE (ARGUED)
Marshall, Dennehey, Warner,
 Coleman & Goggin
Three Greentree Center
Suite 304
Marlton, NJ   08053-3405

Counsel for Appellee

_____

ORDER AMENDING OPINION

_____

BECKER, Circuit Judge.

     The opinion in the above-captioned case is hereby amended as

follows:

     1.  Insert a footnote on page 10, at the end of the second

full paragraph ending with:
See N.J.S.A. 56:12-42 ("In any action by a consumer against
     a manufacturer brought in Superior Court or in the
     division pursuant to the provisions of this act, a
     prevailing consumer shall be awarded reasonable
     attorney's fees, fees for expert witnesses and
     costs.").

that reads:

     N.J.S.A. 56:12-42 on its face authorizes attorneys'
     fees and costs only in actions brought in the New
     Jersey Superior Court or in the Division of Consumer
     Affairs in the Department of Law and Public Safety, and
     thus does not explicitly provide for payment of
     attorneys' fees and costs in an action brought in
     federal court.  But Chrysler has not contended that
     attorneys' fees would not be available in this action,
     and we have not located any cases that so hold.  The
     district court must also consider this question on
     remand.

2.    Insert a footnote on page 10 of the slip opinion, third full paragraph, after sentence stating:

"Because we have concluded that it is conceivable that Suber's van is a 'total lemon,' we agree that Suber is entitled to include the entire sticker price of the van in the amount in controversy."

that reads:

Under N.J.S.A. 56:12-32, the plaintiff must return the vehicle to the manufacturer in order to receive payment of any damages awarded.  The parties have not briefed the question whether the amount in controversy should, accordingly, be reduced to account for the value of the vehicle when it is returned, nor have they presented any record evidence regarding the value of Suber's van, and so we leave this question to the district court upon remand.

BY THE COURT:


/s/ Edward R. Becker
Edward R. Becker
Circuit Judge